# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**NIVALDO M. BUENO**                              **CIVIL ACTION**

**VERSUS**                                        **NO.  18-8465**

**STATE OF LOUISIANA**                            **SECTION "A"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Nivaldo M. Bueno, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On October 7, 1982, Bueno was charged by bill of indictment in Orleans Parish with first degree murder while in the perpetration or attempted perpetration of an armed robbery and aggravated kidnaping in violation of La. Rev. Stat. § 14:30.[3]  Bueno was 17 years old at the time of the offense.

The Louisiana Fourth Circuit Court of Appeal summarized the facts determined at trial as follows in relevant part:

> The defendant and Isidros Lopez kidnapped the victim Mr. Louis Salling at gunpoint as he was making a bank deposit on January 30, 1982. Mr. Salling, had been observed by Lopez making deposits at the bank at the same time on previous occasions.  This was part of Mr. Salling's job as manager of the K & B Drugstore in Oakwood Shopping Center.  The victim was driven to a secluded trash dump in Algiers and shot several times after he pled for his life.  He was killed instantly.  The defendant and Lopez then left the scene with the money the victim had intended to deposit.
> On September 23, 1982 the defendant, who was employed as a painter, was approached by Officers Jerry Ursin and William Trepagnier of the New Orleans Police Department, while he was painting a house.  The officers brought him to the District Attorney's Office where he gave a written statement explaining his involvement in the murder of Mr. Sallings. The defense moved to suppress the introduction of this confession at trial. After a motion hearing the trial judge denied the motion and the confession was introduced by the State.

---

[2] Rec. Doc. No. 1.

[3] St. Rec. Vol. 1 of 8, Bill of Indictment, 10/7/82.  Co-defendant Isidros Lopez was also charged and ultimately tried separately and convicted.  The indictment was amended on January 5, 1983 to change the wording to "perpetration or attempted perpetration of an armed robbery and/or aggravated kidnaping."  St. Rec. Vol. 2 of 8, Amended Bill of Indictment, 1/5/83.

State v. Bueno, KA-1554, 499 So. 3d 362, 63 (La. App. 4th Cir. November 14, 1986); State Record Volume 5 of 8, Louisiana Fourth Circuit Court of Appeal Opinion, KA-1554, page 2, November 14, 1986.

Bueno was tried before a jury on January 5 and 6, 1983 and found guilty as charged.[4]  The jury unanimously recommended that Bueno be sentenced to life imprisonment.[5]  He was sentenced on January 12, 1983 to life in prison without benefit of parole, probation or suspension of sentence.[6]

Bueno filed a timely direct appeal to the Louisiana Fourth Circuit challenging the state trial court's denial of his motion to suppress his confession.[7]  On November 14, 1986, the Louisiana Fourth Circuit affirmed the conviction and sentence finding that Bueno's confession was freely and voluntarily given and the trial court was therefore correct in denying his motion to suppress.[8]  Bueno's conviction became final 30 days later, on Monday, December 15, 1986,[9] when he did not seek review in the Louisiana

---

[4]St. Rec. Vol. 5 of 8, Verdict, 1/7/83; St. Rec. 1 of 8, Trial Minutes, 1/5/83; Trial Minutes, 1/6/83; St. Rec. Vol. 5 of 8, Trial Transcript, 1/5/83; St. Rec. Vol. 6 of 8, Trial Transcript, 1/6/83.

[5]St. Rec. Vol. 5 of 8, Sentencing Recommendation, 1/7/83; St. Rec. Vol. 1 of 8, Trial Minutes, 1/6/83; St. Rec. Vol. 6 of 8, Trial Transcript, 1/6/83.

[6]St. Rec. Vol. 1 of 8, Sentencing Minutes, 1/12/83.

[7]St. Rec. Vol. 6 of 8, Appellant Brief, KA-1554, 6/27/86.

[8] State v. Bueno, 499 So. 2d 362, 363-364 (La. App. 4th Cir. 1986); St. Rec. Vol. 5 of 8, 4th Cir. Opinion, KA–1554, pp. 3-5, 11/14/86.

[9]The 30th day was Sunday, December 14, 1986.  The deadline therefore fell to the next business day, Monday, December 15, 1986.  See La. Code Crim. P. art. 13 (weekends and holidays not included

Supreme Court.  See Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process) ); La. S. Ct. R. X§ 5.

On May 18, 1995, Bueno filed an application for writ of habeas corpus in the state trial court, which was denied on May 30, 1995.[10]  The Louisiana Fourth Circuit denied his related writ application.[11]  The Louisiana Supreme Court denied relief for seeking untimely post-conviction review, citing La. Code Crim. P. art. 930.8, State ex rel. Glover v. State, 660 So. 2d 1189 (La. 1995) and La Code Crim P. art. 351.[12]

Bueno filed his first petition for federal habeas corpus and on July 8, 1997, United States Magistrate Judge Louis Moore, Jr., recommended that his petition be denied.[13]

---

in calculation when it would be the last day of the period); Fed. R. Civ. P. 6.

[10]St. Rec. Vol. 3 of 8, Memorandum in Support of Petitioner's Application for Writ of Habeas Corpus, 5/31/95 (dated 5/18/95); Judgment, 5/30/95.

[11]St. Rec. Vol. 3 of 8, 4th Cir. Opinion, 95-K-1346, 6/30/95.  The Louisiana State University Law Library was unable to produce a copy of the Fourth Circuit writ application.  St. Rec. Vol. 7 of 8, LSU Email, 10/4/18.

[12]State v. Bueno, 682 So. 2d 250 (La. 1996); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 95-KH-2042, 10/2/96; La. S. Ct. Writ Application, mailed 8/7/95; Supplement Memoranda of Law, 8/9/95 (signed 8/1/95); Supplement Memoranda of Original Brief, 9/27/95; Motion for Summary Judgment, 9/21/95.

[13]St. Rec. Vol. 3 of 8, Report and Recommendation, 7/7/97.

The District Judge adopted the report and recommendation and dismissed the case on July 31, 1997.[14]

On March 31, 1999, Bueno filed an application for post-conviction relief in the state trial court.[15] He sought an application for a writ of mandamus with the Louisiana Fourth Circuit on December 1, 1999.[16] The Louisiana Fourth Circuit denied relief on January 6, 2000.[17] On December 8, 2000, the Louisiana Supreme Court denied Bueno's related writ application.[18]

Bueno filed another application for writ of habeas corpus, which the state trial court denied on January 28, 2002.[19] The Louisiana Fourth Circuit denied his related writ

---

[14]Case No. 2:97-cv-00392-HGB, Rec. Docs. 7 and 8.

[15]St. Rec. Vol. 7 of 8, Uniform Application for Post-Conviction Relief, 6/24/99; Memorandum in Support, 6/24/99.

[16]St. Rec. Vol. 7 of 8, 4th Cir. Writ Application for Mandamus, 12/1/99.

[17]St. Rec. Vol. 7 of 8, 4th Cir. Order, 99-K-3004, 1/6/00.

[18]State ex rel. Bueno v. State, 775 So. 2d 1081 (La. 2000); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2000-KH-1030, 12/8/00; La. S. Ct. Writ Application (Supplemental Brief on Behalf of the Original Application for Post Conviction Relief), 00 KH 1030, 4/10/00 (postmarked 3/28/00).

[19]St. Rec. Vol. 7 of 8, Judgment, 1/28/02; St. Rec. Vol. 1 of 8, Minute Entry, 1/29/02. The actual writ application is not included in the record.

application on March 13, 2002.[20]  The Louisiana Supreme Court denied writs without stated reasons on April 25, 2003.[21]

Bueno filed another application for writ of habeas corpus in the state trial court on December 28, 2003.[22]  The state trial court denied the writ application without reasons on February 2, 2004.[23]  Bueno's writ application was denied by the Fourth Circuit on April 5, 2004.[24]  The Louisiana Supreme Court denied relief without reasons.[25]

In an application for writ of mandamus filed in the Fourth Circuit, Bueno alleged that the state trial court failed to rule on his July 13, 2012 motion pursuant to Miller v. Alabama[26] to correct illegal sentence.[27]  The Louisiana Fourth Circuit denied relief

---

[20]St. Rec. Vol. 7 of 8, 4th Cir Order, 2002-K-0319, 3/13/02; 4th Cir. Writ Application, 2002-K-0319, 2/22/02 (dated 2/11/02).

[21]State ex. rel Buneo v. State, 842 So. 2d 395 (La. 2003); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2002-KH-1437, 4/25/03; La. S. Ct. Writ Application, 02 KH 1437, 6/21/02 (dated 4/18/02).

[22]St. Rec. Vol. 2 of 8, Application for Writs of Habeas Corpus, 1/4/04 (dated 12/28/03).

[23]St. Rec. Vol. 2 of 8, Judgment, 2/2/04.

[24]St. Rec. Vol. 7 of 8, 4th Cir. Order, 2004-K-0401, 4/5/04; 4th Cir. Writ Application, 2004-K-0401, 3/9/04 (dated 3/1/04).

[25]State ex rel. Bueno v. State, 896 So. 2d 1027 (La. 2005); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2004-KH-1337, 3/24/05; La. S. Ct. Writ Application, 04 KH 1337, 6/3/04 (dated 5/4/04).

[26]On June 25, 2012, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 567 U.S. 460, 465, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).

[27]St. Rec. Vol. 7 of 8, 4th Cir. Writ Application, 2012-K-1415, 9/27/12 (dated 9/24/12).

finding that there was no record of such a motion.[28]  Bueno sought another supervisory

writ from the Fourth Circuit and included a motion to correct or reconsider sentence.[29]

The Fourth Circuit granted relief for the purpose of transferring the motion to correct

and/or for reconsideration to the state trial court for consideration.[30]  According to Bueno,

the state trial court denied the motion on May 18, 2015, referencing State v. Tate, 130

So. 3d 829 (La. 2013), in which the Louisiana Supreme Court found that Miller was not

retroactively applicable to challenges filed by individuals whose underlying convictions

and sentences were already final.[31]

On January 25, 2016, Bueno filed another motion for reconsideration of his

sentence based on Montgomery v. Louisiana, 136 S.Ct. 718 (2016), which held that

Miller was retroactively applicable on collateral review, and he later supplemented his

motion.[32]  His previously filed motion to correct sentence was refiled in the record on

January 29, 2016.[33]  The state trial court granted a stay of Bueno's resentencing pending

---

[28]St. Rec. Vol. 7 of 8, 4th Cir. Order, 2012-K-1415, 11/5/12.

[29]St. Rec. Vol. 7 of 8, 4th Cir. Writ Application, 2012-K-1648, 11/27/12.

[30]St. Rec. Vol. 7 of 8, 4th Cir. Order, 2012-K-1648, 12/4/12.

[31]The denial is not included in the record, however, Bueno recounts the ruling in his Motion for Reconsideration filed on January 25, 2016.  St. Rec. Vol. 2 of 8, Motion for Reconsideration, pp. 2-3, 1/15/16.

[32]St. Rec. Vol. 2 of 8, Motion for Reconsideration, 1/25/16; Motion to Supplement Original Motion to Correct an Illegal Sentence to La. Code Cr. Pro. Acts: 872, 882, et al., 5/10/16 (dated 5/4/16).

[33]St. Rec. Vol. 2 of 8, Motion to Correct Illegal Sentence and Supporting Memorandum of Law and Facts, 1/29/16 (dated 7/31/13).

enactment of legislation providing for the retroactive application of <u>Miller</u>.[34]  Bueno

sought a writ of mandamus ordering the state trial court to rule on his motion.[35]  The

Louisiana Fourth Circuit granted the writ and remanded the case for resentencing.[36]

On November 29, 2016, Bueno's appointed counsel filed a motion, citing <u>State v.

Craig</u>, 340 So. 2d 191 (La. 1976)[37] and requesting that Bueno be sentenced to 21 years

imprisonment, the most serious legal penalty for the next lesser included offense.[38]  At

a hearing on November 29, 2016, the state trial court granted Bueno's motion to correct

illegal sentence but denied the motion for a sentence consistent with <u>Craig</u>.[39]  The state

trial court vacated the sentence from January 1983 and sentenced Bueno to life with

parole eligibility but without the benefit of probation or suspension of sentence and credit

for time served.[40]

---

[34]St. Rec. Vol. 2 of 8, Motion to Stay Proceedings, 3/2/16; Order, 3/22/16.

[35]St. Rec. Vol. 7 of 8, 4th Cir. Writ Application, 2016-K-0834, 8/10/16.

[36]St. Rec. Vol. 7 of 8, 4th Cir. Order, 2016-K-0834, 1/1/16.

[37]In <u>State v. Craig</u>, 340 So. 2d 191 (La. 1976), the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional, and that the appropriate remedy for the illegal sentence was to resentence the defendant according to the next lesser included offense, attempted aggravated rape.  <u>Craig</u>, 340 So. 2d at 193-194.

[38]St. Rec. Vol. 2 of 8, Motion for a Sentence Consistent with <u>State v. Craig</u>, 11/29/16.

[39]St. Rec. Vol. 1 of 8, Minute Entry, 11/29/16.

[40]<u>Id.</u>

Bueno filed a writ application in the Fourth Circuit on December 22, 2016,

seeking review of his sentence.[41]  On March 3, 2017, the Louisiana Fourth Circuit found,

"Relator's sentencing is an appealable judgment.  La. Code Crim. P. art. 912C(1).  Given

this set of circumstances, the writ application is dismissed and relator is directed to seek

relief by appeal."[42]  Instead of following the Fourth Circuit's directions, Bueno applied

for review in the Louisiana Supreme Court on March 21, 2017.[43]  The Louisiana Supreme

Court denied relief without stated reasons on August 3, 2018.[44]

## II.    FEDERAL HABEAS PETITION

On August 22, 2018, Bueno filed this petition for federal habeas corpus relief in

which he asserts the following grounds for relief:[45]  (1) The state trial court erred in

sentencing him to a sentence that was not authorized by legislative acts or statute.  (2)

His sentence constitutes an unconstitutional ex post facto application of law and he was

---

[41]St. Rec. Vol. 7 of 8, 4th Cir. Writ Application, 2016-K-1309, 12/22/16.  It appears from his pro se writ application that Bueno was attempting to directly appeal his sentence.  Bueno entitled his writ application an "Appeal" and stated in it that he had objected to the sentence "on the record and gave notice appeal thereto."  Id., at p. 2.  The November 29, 2016 sentencing minutes do not reflect that an oral motion for appeal was made pursuant to La. Code Crim. P. art. 914A.  St. Rec. Vol. 1 of 8, Sentencing Minutes, 11/29/16.  Nor does the state court record include a copy of the sentencing transcript or a written motion to appeal.

[42]St. Rec. Vol. 7 of 8, 4th Cir. Order, 2016-K-1309, 3/3/17.

[43]St. Rec. Vol. 8 of 8, La. S. Ct. Writ Application, 17 KH 774, 5/10/17 (dated 3/21/17).

[44]State ex rel. Bueno v. State, 2017-KH-0774 8/3/18, 249 So. 3d 833 (La. 2018); St. Rec. Vol. 8 of 8, La. S. Ct. Order, 2017-KH-0774, 8/3/18.

[45]Rec. Doc. No. 1.

entitled to be resentenced to a sentence of 21 years imprisonment pursuant to <u>State v. Craig</u>.

The State filed an answer in response to Bueno's petition in which it concedes that the federal petition is not successive.[46]   The State claims that Bueno's application is untimely and that his claims are unexhausted because he has yet to file a direct appeal of his new sentence.  At the same time, the State concedes that it is unclear whether the Louisiana Fourth Circuit, in denying his 2016 writ application, was advising Bueno to file a request for an out-of-time appeal or actually granting him leave to take an appeal.[47] The State claims that, if it was the former, his habeas petition is untimely.  It claims that if was the latter, since no time frame was prescribed within which to act, Bueno could arguably still file an appeal with the Louisiana Fourth Circuit.  Ultimately, the State claims that this court need not resolve the issues of timeliness or exhaustion because Bueno's claims are meritless.

III.    <u>GENERAL STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[48] and

---

[46]Rec. Doc. No. 12.

[47]<u>Id.</u>, at p. 5.

[48]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become

applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Buenos's petition, which, for reasons discussed below, is deemed filed in a federal court on August 22, 2018.[49] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final. Duncan v. Walker, 533 U.S. 167, 179–80 (2001). As explained above, due to the lack of clarity of the opinion of the Louisiana Fourth Circuit, it cannot be determined whether Bueno's conviction is final. If the Fourth Circuit was instructing Bueno to seek leave to file an out-of-time appeal through an application for post-conviction relief, his conviction became final Thursday, December

---

effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[49]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk filed Bueno's petition on September 7, 2018. Bueno's signature on the petition is dated August 22, 2018, which is the earliest date appearing in the record on which he could have submitted his pleadings to prison officials for mailing to a federal court.

29, 2016, when he did not correctly pursue review of his sentence or conviction through a direct appeal.  See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002).  Thus, under a literal application of the statute, Bueno had one year from that date, or until Friday, December 29, 2017, to file his federal habeas corpus petition, which he did not do.  His petition would be untimely unless the one-year statute of limitations period was interrupted or otherwise tolled.  If, however, the Fourth Circuit opinion granted Bueno permission to file an out-of-time appeal, it did not specify a date by which to do so and theoretically Bueno could still file an appeal.

I find that it is appropriate to err on the side of caution when faced with such an unclear issue concerning the timeliness of a federal habeas petition.  See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) ("We must be cautious not to apply the statute of limitations too harshly.  Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty."  (quotation marks omitted)).  I therefore recommend that the court pretermit a ruling on the timeliness of this petition. See Cleveland v. Kent, Civ. Action No. 16-13559, 2018 WL 1748345, at *3 n. 15 (E.D. La. Jan. 16, 2018) ("A federal habeas court may pretermit a ruling on timeliness when it can more easily dispose of a petition on other grounds.") (collecting cases), report and recommendation adopted by, 2018 WL 1738810 (E.D. La. Apr. 11, 2018) (Milazzo, J.)

The State correctly claims that Bueno failed to exhaust his state court remedies in a procedurally proper manner.  He did not file a direct appeal of his sentence.  The state courts, therefore, have not been given a full opportunity to address his claims and review of his claims is not exhausted.  Nevertheless, Bueno's failure to exhaust does not prevent this court from considering these claims because he is not entitled to relief. 28 U.S.C. § 2254(b)(2).  Bueno's petition should be denied and dismissed with prejudice because his federal constitutional claims are meritless.

IV.    STANDARDS OF MERIT REVIEW

A. CLAIMS ADDRESSED ON THE MERITS BY THE STATE COURTS

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

13

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision " 'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]' " <u>Penry v. Johnson</u>, 215 F.3d 504, 507 (5th Cir. 2000) (quoting <u>Miller v. Johnson</u>, 200 F.3d 274, 280-81 (5th Cir.), <u>cert. denied</u>, 531 U.S. 849 (2000)), <u>aff'd in part, rev'd in part on other grounds</u>, 532 U.S. 782 (2001); <u>Hill</u>, 210 F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Williams v. Taylor</u>, 529 U.S. 362, 405-06, 412-13 (2000); <u>Penry v. Johnson</u>, 532 U.S. 782, 792-93 (2001); <u>Hill</u>, 210 F.3d at 485.  The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." (citation omitted)  <u>White v. Woodall</u>, 134 S. Ct. 1697, 1706-07 (2014) (citing <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)), and <u>Knowles v. Mirzayance</u>, 556

U.S. 111, 122 (2009)).  "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" White, 134 S. Ct. at 1706 (quoting Yarborough v. Alvarado, 541 U.S. 652, 666 (2004)).

"'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002).  Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert. denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003).  The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.  Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

B. CLAIMS NOT ADDRESSED ON THE MERITS BY THE STATE COURTS

The AEDPA's deferential standard of review under Section 2254(d) and Williams, 529 U.S. at 362, applies only to claims adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d).  Bueno presents issues that were not properly exhausted and were not addressed by the state courts, this court utilizes a different standard of review. As to claims that are not fully adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply.  Cullen v. Pinholster, 563 U.S. 170, 185-86 (2011); Henderson v. Cockrell, 333 F.3d 592, 597 (5th Cir. 2003).  Instead, the federal courts review those claims under pre-AEDPA de novo standards of review.  Id. at 598 (citing Jones v. Jones, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); Carty v. Thaler, 583 F.3d 244, 253 (5th Cir. 2009).  Thus, I will consider Bueno's claims de novo.

V.    SENTENCING CLAIMS (CLAIMS 1 AND 2)

Bueno claims "it was error to pass interpretation and judgment to an intent of legislative law that does not exist at the time of sentencing  by Act, or Statute."[50]  He claims that La. Code Crim. P. art. 878.1, which provides that a juvenile could be sentenced to life with or without parole eligibility, did not exist at the time of his offense. He argues that there was no law allowing for a defendant convicted of first degree murder

---

[50]Rec. Doc. 1, p. 18.

to be sentenced to life with parole eligibility at the time of his offense.  He claims he therefore should have been resentenced to a term of imprisonment of 21 years, the greatest sentence for the next available responsive verdict.  Bueno also claims that retroactive application of Article 878.1 to sentence him to life with parole eligibility was an invalid ex post facto law.

As an initial matter, to whatever extent Bueno asserts that the state trial court failed to follow state-court jurisprudence in determining his sentence, that is not a cognizable issue for this federal habeas court.  A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law." Wilkerson v. Whitley, 16 F.3d 64, 67 (5th Cir. 1994) (quotation omitted).  Errors made under state law will not warrant federal habeas review.  Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.");  see also  Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal habeas review).  Therefore, even if the state trial court failed to comply with state law  regarding sentencing, such errors are not correctable in a federal habeas corpus proceeding.  See, e .g., Butler v. Cain, 327 F. App'x 455, 457 (5th Cir.2009) (claim that sentence violated state law is not cognizable in federal habeas proceeding.); Haynes v. Butler, 825 F.2d 921, 924 (5th Cir.1987) ( "...

a state's failure to follow its own sentencing procedures is not reviewable by federal habeas corpus."). Bueno is not entitled to federal habeas relief on these issues.

Bueno also claims that his sentence under a statute that did not exist at the time of the commission of the offense violates the prohibition against ex post facto laws. Therefore, the issue to be resolved is whether application of La. Code Crim. P. art. 878.1 violates the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution and the relevant case law interpreting it.

Article 1, Section 10, of the Constitution prevents the States from enacting any "ex post facto Law." A change in a law violates the Ex Post Facto Clause if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when committed." Calder v. Bull, 3 U.S. 386, 390 (1798). The United States Supreme Court has more recently explained: "Although the Latin phrase 'ex post facto' literally encompasses any law passed 'after the fact,' it has long been recognized by this Court that the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." Collins v. Youngblood, 497 U.S. 37, 41 (1990). The Supreme Court further explained that the Ex Post Facto Clause is implicated only if a change in the law disadvantages a criminal defendant by redefining crimes, defenses or punishment. Retroactive application of a law violates the Ex Post Facto Clause only if it: (1) "punish[es] as a crime an act previously committed, which was innocent when done;" (2) "make[s] more burdensome the punishment for a crime,

18

after its commission;" or (3) "deprive[s] one charged with crime of any defense available according to law at the time when the act was committed." Id. at 52. The third category applies to "statutes withdrawing defenses related to the definition of the crime, or to the matters which a defendant might plead as justification or excuse." United States v. Brechtel, 997 F.2d 1108, 1113 (5th Cir. 1993) (citing Collins, 497 U.S. at 49-50).

At the time Bueno committed the felony act giving rise to his conviction, La. Rev. Stat. § 14:30 provided that the penalty for first degree murder be "death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence in accordance with the recommendation of the jury." La. Rev. Stat. § 14:30 (1982).

Pursuant to the Miller decision and more than 20 years after Bueno's offense, the Louisiana legislature enacted La. Code Crim. P. art. 878.1 in 2013, which provided[51]:

> A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S.

---

[51]La. Code Crim. P. art. 878.1 (2013). The statute was amended in 2017 to provide in pertinent part:

> (2) If an offender was indicted prior to August 1, 2017, for the crime of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was held pursuant to this Article prior to August 1, 2017, the following shall apply:

> (a) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G).

La. Code Crim. P. art. 878.1 (2017).

14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).

B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.

There is no dispute as to the element of retroactivity. The trial court retroactively applied the statute in November 2016 at Bueno's resentencing.

As to the second element, the application of Article 878.1 did not change the definition of Bueno's crime. Rather, the issue is whether the statute "inflicts a greater punishment than the law annexed to the crime, when committed." Calder, U.S. at 390. Bueno fails to establish this element. At the time Bueno committed the offense, given the unanimous recommendation of the jury, the "law annexed to the crime" mandated a sentence of life imprisonment without the benefit of parole. La. Rev. Stat. § 14:30 (1982). Louisiana law did not provide for a sentence of life with parole. The application of La. Code Crim. P. art. 878.1 to sentence Bueno to life with parole eligibility did not subject Bueno to a harsher sentence or a longer period of incarceration. His sentence is less burdensome because he is now eligible for parole when he was not previously eligible. Therefore, the state trial court did not violate the Ex Post Facto Clause when it resentenced Bueno to life with parole eligibility. See Jones v. LeBlanc, Civ. Action No.

20

16-844, 2017 WL 5125766, at *7-8 (E.D. La. March 17, 2017) (retroactive application of La. Rev. Stat. § 15:574.4(D) to resentence juvenile offender to life with the benefit of parole did not violate ex post facto laws where petitioner was eligible for parole when he was not previously), report and recommendation adopted by, 2017 WL 5068346 (E.D. La. Nov. 3, 2017), appeal docketed, No. 17-30894 (5th Cir. Nov. 13, 2017); Skipper v. Cain, Civ. Action No. 14-651-JJB-RLB, 2017 WL 6884335, at *4 (M.D. La. Nov. 6, 2017) (state court's retroactive application of La Rev. Stat. § 15:574.4(A)(2) to amend juvenile non-homicide offender sentence to delete the denial of parole eligibility did not violate ex post facto clause where petitioner received a less burdensome sentence of life with the possibility of parole), report and recommendation adopted by, 2018 WL 3433851 (M.D. La. .Jan 9, 2018), appeal docketed, Skipper v. Vannoy, 18-30142 (5th Cir. Feb. 2, 2018); Juarez v. Davis, No. 3:16-CV-0843-G(BH), 2018 WL 2164507, at *3-5 (N.D. Tex., March 28, 2018) (application of statute amended after the commission of the offense to resentence a juvenile homicide offender to life imprisonment with parole eligibility after serving 40 years did not constitute an ex post facto violation because the reformed sentence allowing for parole eligibility was more favorable than the original sentence of life without parole), report and recommendation adopted, 2018 WL 2150943 (N.D. Tex. May 10, 2018), appeal docketed, No. 18-10672 (5th Cir. Jun. 7, 2018). Bueno is not entitled to relief on this claim.

21

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Bueno's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[52]

New Orleans, Louisiana, this _____19th_____ day of February, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[52]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

22